IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WAYNE M. FOURNERAT,                §
     Plaintiff,                            §
                              §
                              §
v.                                                      §            No. 3:26-CV-928-K-BW
                              §
QUINN ALAN GREEN, et al.,               §
     Defendants.                         §            Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Wayne M. Fournerat Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed on March 23, 2026. (Dkt. No. 4.) Based on the relevant filings and applicable law, the Court should **DENY** the application and **DISMISS** this case without prejudice unless Fournerat pays the $405 filing fee, either in full by **May 7, 2026** or, if appropriate, in four equal monthly installment payments of $101.25 beginning May 7, 2026 and ending August 7, 2026, or by some other deadline established by the Court.

**I. LEGAL STANDARDS AND ANALYSIS**

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when he submits an affidavit establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue

_____

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Fournerat's IFP application indicates that his average monthly income during the past 12 months was $1,150 from retirement, and his expected monthly income the next month (April 2026) is the same. (*See* Dkt. No. 4 at 1-2.) He reports that his spouse relies on him for support and that they have $100 in cash and $103.48 in a checking account, a car belonging to his spouse for which "[s]he does not consent to giving you any information," and other unidentified assets totaling $8,500 in value. (*Id.* at 2-3.) He also reports that he is owed over $4 million, plus six percent interest, by Hope Broadcasting and unnamed others. (*See id.* at 3.)

He reports monthly expenses for himself of $1,151 for rent or a mortgage, $250 for "[r]egular expenses for operation of business, profession, or farm," and $200 for Medicare and Medicaid. (*Id.* at 4-5.) Further, although Fournerat declines to provide information about his spouse's monthly income, stating that "[m]en don't accept $$$ from women, give to women[,]" he indicates that his wife or her employer is a teacher and that his wife's monthly expenses are $3,500 for rent or a mortgage, $800 for utilities, $250 for food, $90 for clothing, laundry, and dry cleaning, $500 for medical and dental expenses, $400 for transportation, $60 for recreation and entertainment, and $450 for Medicare and Medicaid. (*Id.* at 2, 4-5.)

Based on the information provided, the Court should find that Fournerat has failed to carry his burden to show that payment of the $405 filing fee would cause

him undue financial hardship.  To start, in evaluating a plaintiff's IFP application, "it is appropriate to consider a spouse's income," which information Fournerat has refused to provide.  *Elliot v. Chase Bank*, No. 4:12-CV-324-A (BJ), 2012 WL 2354424, at *1 (N.D. Tex. May 24, 2012) (citation and internal quotation marks omitted), *rec. adopted*, 2012 WL 2354444 (N.D. Tex. June 20, 2012); *see also Duru v. Georgia*, No. 3:15-cv-1884-B-BN, 2015 WL 4366867, at *2 (N.D. Tex. July 15, 2015) ("Whether the litigant is unable to pay the costs associated with initiating a lawsuit, moreover, . . . depends in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." (cleaned up)).  He thereby fails to provide information relevant to the Court's IFP determination.

Additionally, although Fournerat's own listed monthly expenses slightly exceed his reported income, "[c]ourts have denied IFP applications even where the plaintiffs' expenses exceed their income because the plaintiffs had other assets." *Lansford v. Laredo College*, No. 5:23-CV-00045, 2023 WL 4669685, at *2 (S.D. Tex. June 28, 2023), *rec. adopted*, 2023 WL 4670303 (S.D. Tex. Jul. 20, 2023).  As noted, Fournerat reports $8,500 in unidentified assets, as well as his spouse's vehicle for which he again declines to provide a value.  (*See* Dkt. No. 4 at 3.)  Fournerat also acknowledges that he is able to pay the filing fee in monthly installments over four months.  (*See id.* at 5.)

Based on the foregoing, the Court should deny Fournerat's IFP application.

## II. RECOMMENDATION

The Court should **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed on March 23, 2026 (Dkt. No. 4), and **DISMISS** this case without prejudice unless Fournerat pays the $405 filing fee either in full by **May 7, 2026** or, if appropriate, in four equal monthly installment payments of $101.25 beginning May 7, 2026 and ending August 7, 2026, or by some other deadline established by the Court.

**SO RECOMMENDED** on April 16, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4